HENRY L. BROLASKI *et al.*, Respondents, *v.* GEORGE W. PUTNAM, Appellant.

*Practice—Setting aside Judgment.*—The Supreme Court will not interfere with the discretion of the inferior court in refusing to set aside a judgment after a trial at which the defendant failed to appear, except in a very plain case.

*Appeal from St. Louis Land Court.*

*Simmons, Woerner,* and *Billings,* for respondents.

*C. D. Colman,* for appellant.

BATES, Judge, delivered the opinion of the court.

When this case was called for trial in the Land Court the defendant failed to appear in person or by attorney, and the plaintiff proceeded to try the case in his absence, gave testi-

mony, and got a verdict and judgment. On the same day of the trial the defendant moved the court to set aside the judgment, and filed affidavits in support of the motion, and an affidavit was also filed in opposition to it; from all which it appeared that some ten days before the day of the trial the defendant's attorney had proposed to the plaintiffs' attorney a compromise of the suit, and that the plaintiffs' attorney had consented to submit the proposal to the plaintiffs; and that he did not see the plaintiffs until the morning of the trial, when the proposal was rejected; that no arrangement had been made between the attorneys for any delay in the trial of the case; that on the morning of the day of trial the defendant informed his attorney, that a material witness for him was absent, and the attorney at once prepared an affidavit for a continuance of the case, and so soon as it was finished they went to the court, and when they reached the court-room the case had been already tried and judgment rendered. Upon the hearing of the motion, it appeared also that the witness who was absent, and whose testimony was desired, had not been summoned at previous terms of the court when the case was set for trial. The judge of the Land Court offered to set aside the judgment if the defendant would stipulate that the case should be tried at the same term, which stipulation the defendant refused to make, except upon the condition that he should be able to procure the attendance of the witnesses he desired, and then the motion to set aside the judgment was overruled.

We cannot interfere in this case with the discretion exercised by the judge of the Land Court. He was far better better qualified by a knowledge of the case than we can be to judge of the propriety of the motion, and would hesitate to interfere in any but a very plain case. Promptness as well as certainty is to be sought in the administration of justice, and very much is trusted to the discretion of the judge as to the relief that may be granted to parties suffering from the strict performance of good rules. Nor can we interfere for any supposed defect of proof in the case. The bill of ex-

ceptions only professes to give the substance of the evidence given at the trial, and as there was no representation thereof by the defendant, of course there were no objections made to the testimony.

Judgment affirmed. Judges Bay and Dryden concur.